JOHN C. FINNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finney v. Commissioner
Docket No. 2542-79.
United States Tax Court
T.C. Memo 1980-241; 1980 Tax Ct. Memo LEXIS 347; 40 T.C.M. (CCH) 608; T.C.M. (RIA) 80241; July 8, 1980, Filed John C. Finney, pro se. Scott W. Gray, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $720.80 deficiency in petitioner's income tax for 1976. Due to a concession by petitioner, the sole issue for decision is whether petitioner is entitled to deduct the entire $11,552 business expense claimed on his 1976 return. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing his petition, petitioner John C. Finney was a resident of Phoenix, *348 Arizona. Petitioner was an electrician who maintained a residence in Phoenix during 1976. From approximately January 1 to March 15, 1976, petitioner was unemployed. From mid-March to September, 1976, petitioner was employed by Fischbach and Moore Inc. in Baton Rouge, Louisiana, to work on the remodeling of a pulp mill for Georgia Pacific.He spent $866.30 for lodging during his stay in Baton Rouge.
From September through the end of 1976 petitioner was employed by Jelco, Inc. in Huntington, Utah, to work on the repair of the electrical system at the Huntington Power Station of Utah Power and Light. While employed in Huntington, petitioner spent $834.75 for rental of a trailer home. All petitioner's employment during 1976 was temporary in nature.
On his 1976 return, petitioner deducted $8,602 for meals and lodging and $2,950 for automobile expenses as employee business expenses incurred while away from home. In his notice of deficiency, respondent allowed $1,701.05 for lodging expenses, $3,712.50 for meals ($13.50 per day for the 275 days while away from home) and $2,475 for automobile expenses.Respondent disallowed the remaining $3,683.25 [1] deducted as employee business *349 expenses. OPINION The issue for decision is whether petitioner is entitled to deduct employee business expenses for meals, lodging and automobile expenses while away from home. Section 162 [2] allows a deduction for all the "ordinary and necessary" expenses paid or incurred in carrying on a trade or business, including travel expenses paid or incurred while away from home in the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for traveling expenses (including meals and lodging) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement" the amount, time, place, and business purpose of the expenses. Petitioner has not presented any evidence to substantiate the amounts claimed for meals, lodging and transportation in excess of the amounts allowed by respondent. Accordingly, petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and respondent's *350 determinations are sustained. Decision will be entered for the respondent . Footnotes
1. The correct figure should have been $3,663.45.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩